UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NANCY SCHROEDER-CRUME, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 1:26-cv-1710-TWP-MKK |
| CARMEL CLAY SCHOOL CORPORATION, | ) | |
| Defendant. | ) | |

**DEFENDANT CARMEL CLAY SCHOOL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant Carmel Clay School Corporation, by counsel, submits its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages:

## I. Parties

1. Plaintiff is a resident of Hamilton County, Indiana.

**ANSWER: Admitted.**

2. Defendant is a school district in Hamilton County, Indiana.

**ANSWER: Defendant admits that it is a school corporation as defined by Indiana Code section 36-1-2-17 and that it is located in Hamilton County, Indiana. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

## II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ADAAA.

**ANSWER: Admitted.**

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant's doing business in this District.

**ANSWER: Admitted.**

### III. Factual Allegations

5. Plaintiff is an employee of Defendant.

**ANSWER: Admitted.**

6. Plaintiff began working for Defendant in April 2016.

**ANSWER: Admitted.**

7. Plaintiff works for Defendant as a custodian.

**ANSWER: Admitted.**

8. In January 2024, Plaintiff suffered spinal fractures.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Compliant and therefore denies the same.**

9. Plaintiff was diagnosed with spinal fractures on February 1, 2024.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Compliant and therefore denies the same.**

10. Plaintiff informed her supervisor, Bob Hargis, that she had suffered spinal fractures.

**ANSWER: Defendant admits that in February 2024, Plaintiff informed her supervisor, Bob Hargis, that she had suffered spinal fractures. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

11. Plaintiff's doctor, Dr. Bree Simmons, originally requested the following accommodations for Plaintiff (1) no longer than 4 hours in one shift and eight (8) hours in a day; (2) no lifting of trash, drink cases or mop buckets; and (3) must be permitted to pace herself and take breaks as its necessary.

**ANSWER: Defendant admits that it received a letter dated February 1, 2024, from Plaintiff's doctor and further states that the letter speaks for itself. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

12. On May 10, 2024, Plaintiff was seen by Dr. Filip Drambarean.

**ANSWER: Defendant admits that it received a letter dated May 10, 2024, from Plaintiff's doctor on behalf of Plaintiff and further states that the letter speaks for itself. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

13. Plaintiff was reevaluated by Dr. Simmons on or about June 4, 2025.

**ANSWER: Defendant admits that it received a letter dated June 4, 2024, from Dr. Simmons on behalf of Plaintiff and further states that the letter speaks for itself. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

14. Dr. Simmons prescribed the following accommodations for Plaintiff:

a. No high or repetitive impact activities such as jogging, running, and jumping. Plaintiff should be spotted if using a ladder;

b. No activities that flex the spine;

c. No activities that require twisting;

d. Must be permitted to pace herself and take breaks as is necessary; and

e. Cannot carry 15 lbs or more for more than 15 minutes.

**ANSWER: Defendant admits that it received a letter dated June 4, 2024, from Plaintiff's doctor stating that Plaintiff's spinal fractures had healed and requesting accommodations for Plaintiff's osteoporosis. Defendant further states that the letter otherwise speaks for itself. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

15. Dr. Simmons noted that these accommodations would be for an indefinite time period given the chronic nature of Plaintiff's Osteoporosis.

**ANSWER: Defendant admits that it received a letter dated June 4, 2024, from Dr. Simmons on behalf of Plaintiff and further states that the letter speaks for itself. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

16. In December, Plaintiff was transferred from the High School athletics area to the academic area where Plaintiff was assigned to clean 95 urinals and toilets each shift.

**ANSWER: Defendant admits that it transferred Plaintiff to the high school athletics area in December 2024 as part of a larger restructuring and that Plaintiff's duties included cleaning approximately ninety-five urinals and/or toilets each shift. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

17. Prior to being moved from the athletic area to the academic area of the High School, Plaintiff did not have issues completing her job duties.

**ANSWER: Denied.**

18. Assigning these new duties violated the accommodations previously requested and approved for Plaintiff.

**ANSWER: Denied.**

19. As a result, Plaintiff was seen by Dr. Simmons who advised Plaintiff to not clean more than 25 toilets in a shift.

**ANSWER: Defendant admits that it received a letter dated December 20, 2024, from Plaintiff's doctor stating to the effect that Plaintiff could not clean more than twenty-five toilets in a shift. Defendant further states that Plaintiff's doctor indicated in the letter that the reason for this limitation was because Plaintiff should minimize stooping and bending over. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

20. On January 20, 2025, Dr. Holly Herrera, the then Director of Human Resources, informed Plaintiff that she was suspended from her job and could not return to work until she had the restrictions removed.

**ANSWER: Denied. Defendant further states that around this time, Defendant sought clarifying information from Plaintiff's doctor because Defendant had cleaning devices that allowed Plaintiff to clean urinals and/or toilets without stooping or bending over.**

21. As a result of Dr. Herrera telling Plaintiff to have her restrictions removed, Plainiff communicated with Dr. Simmons regarding her suspension.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Compliant and therefore denies the same.**

22. Dr. Simmons did another letter for Plaintiff regarding her need for accommodations.

**ANSWER: Admitted. Defendant further states that it received a letter from Plaintiff's doctor on or about January 30, 2025, and that Plaintiff's doctor stated in the letter that the twenty-five urinal/toilet limitation per shift was not required so long as Plaintiff could clean without excessive stooping and bending over.**

23. Eventually, Plaintiff was permitted to return to work with her restrictions and was granted accommodations on or about February 18, 2025.

**ANSWER: Defendant admits that its representatives met with Plaintiff on February 12, 2025, and offered Plaintiff a new position that had become available. Defendant further states that this position allowed Plaintiff to clean fewer urinals and toilets, and Plaintiff accepted it. Defendant further states that Plaintiff used paid sick leave during the time it took to reconcile the restrictions from her doctor, that Plaintiff requested a credit for such paid sick days, and that Defendant agreed to this request as a courtesy. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

24. Defendant violated the ADAAA by refusing to engage in the interactive process.

**ANSWER: Denied.**

25. Defendant violated the ADAAA by refusing to accommodate the disability of Plaintiff.

**ANSWER: Denied.**

26. Defendant discriminated against Plaintiff by regarding her as disabled under the ADAAA.

**ANSWER: Denied.**

27. Defendant violated the ADAAA by subjecting Plaintiff to disparate treatment.

**ANSWER: Denied.**

28. Defendant discriminated against Plaintiff as a result of her disability.

**ANSWER: Denied.**

29. Defendant wrongfully suspended Plaintiff in violation of the ADAAA.

**ANSWER: Denied.**

30. Defendant retaliated against Plaintiff for requesting accommodations.

**ANSWER: Denied.**

31. On July 18, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination, failure to engage in the interactive process, failure to accommodate, retaliation, and suspension during her employment in violation of ADAAA.

**ANSWER: Defendant admits that Plaintiff filed a charge of discrimination with the EEOC and that she raised the claims listed in this paragraph in her charge. Defendant lacks knowledge or information regarding when Plaintiff filed her charge and therefore denies the same. Defendant denies any remaining allegation in this paragraph of Plaintiff's Complaint.**

32. On May 29, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff.

**ANSWER: Admitted.**

## III. Cause of Action

### Count I
### Violations of ADAAA

33. Plaintiff incorporates paragraphs 1 through 32 by reference herein.

**ANSWER: Defendant incorporates its answers to paragraphs 1 through 32 by reference herein.**

34. Defendant violated the ADAAA by refusing to engage in the interactive process.

**ANSWER: Denied.**

35. Defendant violated the ADAAA by refusing to accommodate the disability of Plaintiff.

**ANSWER: Denied.**

36. Defendant discriminated against Plaintiff by regarding her as disabled under the ADAAA.

**ANSWER: Denied.**

37. Defendant violated the ADAAA by subjecting Plaintiff to disparate treatment.

**ANSWER: Denied.**

38. Defendant discriminated against Plaintiff as a result of her disability.

**ANSWER: Denied.**

39. Defendant wrongfully suspended Plaintiff in violation of the ADAAA.

**ANSWER: Denied.**

40. Defendant retaliated against Plaintiff for requesting accommodations.

**ANSWER: Denied.**

41. Plaintiff has been damaged by Defendant's conduct.

**ANSWER: Denied.**

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back and forward pay with interest as permitted by ADAAA.

B. Grant any and all equitable relief available to Plaintiff including reinstatement of her employment with Defendant.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

**ANSWER: Defendant denies Plaintiff is entitled to any relief requested.**

## IV. Jury Demand

42. Plaintiff incorporates paragraphs 1 through 41 by reference herein.

**ANSWER: Defendant incorporates its answers to paragraphs 1 through 41 by reference herein.**

43. Plaintiff demands a trial by jury.

**ANSWER: Defendant does not consent to trial by jury for any claim or issue that is not triable as a matter of right.**

## Affirmative Defenses

Defendant, by counsel, for its affirmative defenses in response to Plaintiff's Complaint, asserts the following:

1. Any action Defendant took regarding Plaintiff was taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

2. Plaintiff is not entitled to attorney fees or other relief requested.

3. Plaintiff has failed to mitigate damages.

4. To the extent any of Plaintiff's claims are untimely under the applicable statute of limitations, such claims are barred.

5. To the extent Plaintiff has failed to exhaust administrative remedies for any claims, such claims are barred.

6. Plaintiff's damages are subject to offset based on subsequent income or other benefits received.

7. Plaintiff's damages are limited or foreclosed by the doctrine of after-acquired evidence.

8. Plaintiff's claims are barred by equitable principles such as unclean hands.

9. Plaintiff's claims are barred in whole or in part as a result of the waiver, estoppel, laches, and/or any other similar, equitable defense.

10. Defendants reserve the right to amend this Answer and to assert additional defenses that may arise in the course of the investigation and discovery and further incorporate all defenses available under Federal Rule of Civil Procedure 8(c) as if fully set forth herein.

WHEREFORE, Defendant, Carmel Clay School Corporation, by counsel, prays that Plaintiff takes nothing by way of her Complaint against Defendant, for judgment in favor of Defendant, for costs incurred by Defendant, and for all other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Brent R. Borg
Brent R. Borg, Atty. No. 27415-29
Carlos Daniel Rios-Lazo Arevalo, Atty. No. 39834-53
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
(317) 773-2190
bborg@cchalaw.com
drioslazo@cchalaw.com

*Attorneys for Defendant*
*Carmel Clay School Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October 2026, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following by operation of the Court's Electronic filing system:

Ronald E. Weldy
Weldy Law
11268 Governors Ln
Fishers, IN 46037
rweldy@weldylegal.com

/s/ *Brent R. Borg*_________________________
Brent R. Borg, Atty. No: 27415-29

CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
bborg@cchalaw.com
317-773-2190