UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NANCY SCHROEDER-CRUME,<br><br>Plaintiff,<br><br>vs.<br><br>CARMEL CLAY SCHOOL CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:26-cv-1710-TWP-MKK |

# CASE MANAGEMENT PLAN

## I. Parties and Representatives

A. Plaintiff is Nancy Schroeder-Crume, an individual.
Defendant is Carmel Clay School Corporation, a school corporation.

B. Plaintiff is represented by

Ronald E. Weldy
WELDY LAW
11268 Governors Ln
Fishers, IN 46037
Tel: (317) 842-6600
Fax: (317) 288-4013
rweldy@weldylegal.com

Defendant is represented by

Brent R. Borg,
Carlos Daniel Rios-Lazo Arevalo
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
Tel: (317) 773-2190
Fax: (317) 572-1609
bborg@cchalaw.com
drioslazo@cchalaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff brings claims under the laws of the United States, specifically, under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

B. Plaintiff began working for Defendant in April 2016. Plaintiff works as an hourly custodian for Defendant. In January 2024, Plaintiff suffered a spinal fracture. On February 1, 2024, Plaintiff's doctor first prescribed work accommodations for Plaintiff as a result of her disability as a result of her injury. In December 2024, Plaintiff was transferred and assigned duties that violated her accommodations. On January 20, 2025, Dr. Holly Herrera, Director of Human Resources, suspended Plaintiff from working due to her work restrictions. Plaintiff was not returned to work until February 18, 2025 after her accommodations were granted. The conduct of Defendant violated the ADAAA. Plaintiff is seeking her lost wages, compensatory damages, attorney fees and costs.

C. Defendant states that it has committed no violations of the ADAAA or any other law against Plaintiff. Defendant's position is that Plaintiff and Defendant successfully engaged in the interactive process to accommodate Plaintiff's disability. Plaintiff has continued her employment with Defendant without issue since the events alleged in Plaintiff's Complaint.

Regarding the events from approximately December 2024 to February 2025, Defendant submits that it transferred Plaintiff to another building due to a larger restructuring of its custodians. In January 2025, Plaintiff submitted a note from her doctor indicating a work restriction of cleaning only a prescribed number of toilets/urinals per shift because Plaintiff could not bend over / stoop excessively. Defendant worked with Plaintiff and Plaintiff's doctor to clarify that it had equipment that allowed Plaintiff to clean toilets/urinals without bending over / stooping, the implication being that the per shift limitation on the number of toilets/urinals might not apply. Plaintiff's doctor eventually confirmed that was the case and, by the time he did so, another position had opened up at a different building that Plaintiff accepted voluntarily and began working in February 2025. The time spent clarifying the information from Plaintiff's doctor resulted in Plaintiff using several weeks of paid sick leave. However, as a courtesy Defendant credited Plaintiff those paid sick days, which means she did not lose any compensation or paid sick days.

Since February 2025, Plaintiff has not requested any other accommodations, and to Defendant's knowledge her work since that time has been without incident.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 16, 2026**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **December 23, 2026**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **December 30, 2026**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 18, 2027**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 18, 2027**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 16, 2027**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **September 16, 2027**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 4, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **October 18, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). At this time, the parties do not believe that a substantial volume of ESI will be produced in this case. If, as the case progresses, the parties do believe that a substantial volume of ESI is likely to be produced, the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary.

1. Nature of Production of ESI. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means in .pdf format. If the receiving party determines in good faith that a disclosure of a document in a printed or .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it in its native format. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if applicable, shall be made in a commercially reasonable manner.

2. Cost and Burden of Producing Electronic Discovery. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses to the requests; and (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

3. Unintentional Disclosure of Privileged Documents. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request

that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4. Preservation of Data. The parties will preserve all electronic data relevant to either party's claims or defenses to the extent required by and consistent with their obligations under the Federal Rules of Civil Procedure.

5. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

## IV. Discovery[1] and Dispositive Motions

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Plaintiff intends to file for Summary Judgment.

Defendant will seek summary judgment because it believes no violation of the law occurred as to its conduct relative to Plaintiff. Plaintiff and Defendant successfully engaged in an interactive process to properly accommodate Plaintiff's alleged disability. Plaintiff has continued her employment with Defendant since the events alleged in Plaintiff's Complaint.

B. On or before **June 23, 2027**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

C. Select the track that best suits this case:

__X__ **Track 2**: Dispositive motions are expected and shall be filed by **August 16, 2027**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 16, 2027**; expert witness discovery and discovery relating to damages shall be completed by **November 16, 2027**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.**

**Defendant is not interested in settlement at this time. Plaintiff made several settlement demands during the EEOC phase and Defendant rejected those demands. Defendant prefers to submit a dispositive motion and will evaluate from there.**

## VI. Trial Date

The parties request a trial date in **February 2028**. The trial is by jury and is anticipated to take four days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

There are no other matters to be brought to the Court's attention.

Respectfully submitted,

*/s/ Ronald E. Weldy*
Ronald E. Weldy
WELDY LAW
11268 Governors Lane
Fishers, IN 46037
(317) 842-6600
rweldy@weldylegal.com

*Attorney for Plaintiff*
*Nancy Schroder-Crume*

*/s/ Brent R. Borg*
Brent R. Borg
Carlos Daniel Rios-Lazo Arevalo
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
(317) 773-2190
bborg@cchalaw.com
drioslazo@cchalaw.com

*Attorneys for Defendant*
*Carmel Clay School Corporation*

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AS AMENDED AND SO ORDERED.**

Date: 11/5/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana